# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LOGAN M. CASTRO,

    Plaintiff(s),

v.

RUSSELL A. STEWART, et al.,

    Defendant(s).

Case No.: 2:19-cv-01856-JAD-NJK

ORDER

    The Court granted Plaintiff's application to proceed *in forma pauperis* subject to making a partial payment. Docket No. 3; *see also* Docket No. 5 (receipt of partial payment). The Court now screens Plaintiff's complaint with respect to Defendant Reno Police Department pursuant to 28 U.S.C. § 1915(e).[1]

    Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] The Court issues a separate order with respect to Defendant Stewart.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's complaint seeks to bring claims against the Reno Police Department under 42 U.S.C. § 1983. Local governments, such as municipalities, cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). Local governments can instead be sued only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.[2]

Plaintiff's complaint alleges that a Reno police officer used excessive force by intentionally hitting him with a sports utility vehicle after Plaintiff had fled on foot. *See* Docket No. 1-1 at 4.

---

[2] The proper party in this case would be the City of Reno and not the Reno Police Department. *E.g.*, *Wallace v. City of N. Las Vegas*, 2011 WL 2971241, at *1 (D. Nev. July 20, 2011). Regardless, allegations sufficient to state a *Monell* claim are absent here, even were the correct party sued.

1  Plaintiff makes no allegations at all with respect to the Reno Police Department, however, other
2  than alleging that the officer was a member of the department.  Such allegations are insufficient to
3  plead a claim for *Monell* liability. *See, e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999)
4  ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice
5  or custom").

6  In light of the above, Plaintiff has failed to state a claim against the Reno Police
7  Department.  "Generally, a plaintiff who names municipal entities without *Monell* allegations will
8  be given an opportunity to amend the complaint."  *Nelson v. Inyo County Sheriffs Dept.*, 2007 WL
9  2711399, at *5 n.3 (E.D. Cal. Sept. 14, 2007).  It seems unlikely that Plaintiff could cure the
10 deficiency identified, but leave to amend will be provided to err on the side of caution.

11 Accordingly, Defendant Reno Police Department is **DISMISSED** from the case with leave
12 to amend.  Plaintiff will have until **August 14, 2020**, to file an Amended Complaint, if the noted
13 deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed
14 that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the
15 Amended Complaint complete. This is because, as a general rule, an Amended Complaint
16 supersedes the original Complaint.  Local Rule 15-1(a) requires that an Amended Complaint be
17 complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended
18 Complaint, the original Complaint no longer serves any function in the case. Therefore, in an
19 Amended Complaint, as in an original Complaint, each claim and the involvement of each
20 Defendant must be sufficiently alleged.  **Failure to file an amended complaint will result in the**
21 **recommended dismissal of the Reno Police Department without further opportunity to**
22 **amend and the case will instead proceed only with respect to Defendant Stewart.**

23 IT IS SO ORDERED.
24 Dated: July 15, 2020

    _____
    Nancy J. Koppe
    United States Magistrate Judge

3