1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7   LOGAN M. CASTRO,

8              Plaintiff(s),

9   v.

10  RUSSELL A. STEWART, et al.,

11              Defendant(s).

Case No.: 2:19-cv-01856-JAD-NJK

REPORT AND RECOMMENDATION

12          The Court granted Plaintiff's application to proceed *in forma pauperis*.  Docket No. 3; *see*

13  *also* Docket No. 5 (receipt of partial payment).  In screening Plaintiff's complaint pursuant to

14  28 U.S.C. § 1915(e), the Court permitted the claim against Defendant Stewart to proceed but found

15  that Plaintiff had failed to state a claim against Defendant Reno Police Department.  Docket Nos.

16  7, 10.  In particular, the Court found that the proper defendant was actually the City of Reno and,

17  regardless, that Plaintiff had failed to provide sufficient allegations to state a claim under *Monell*

18  *v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978).  The Court granted leave to amend

19  so that Plaintiff could attempt to cure those deficiencies.  Docket No. 10 at 3.

20          Plaintiff has now filed an amended complaint that correctly names the City of Reno rather

21  than the Reno Police Department.  Docket No. 13.  Nonetheless, as discussed below, the

22  undersigned concludes that the amended complaint fails to state a claim against the City of Reno.

23  **I.    STANDARDS**

24          Federal courts are given the authority to dismiss a case if the action is legally "frivolous or

25  malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

26  a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a

27  complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions

28

as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

## II.   ANALYSIS

Plaintiff's complaint alleges that a Reno police officer used excessive force in allegedly hitting him with a sports utility vehicle after Plaintiff had fled on foot. *See* Docket No. 13 at 3-4. Plaintiff's excessive force claim against the officer is proceeding. *See* Docket No. 7. Plaintiff's amended complaint also seeks to bring claims against the City of Reno under 42 U.S.C. § 1983.

Local governments, such as municipalities, cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). Local governments can instead be sued only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental

'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.

The amended complaint attempts to bring the very type of claim that is disallowed, asserting that "[t]he City of Reno needs to be held responsible for actions of its employees." Docket No. 13 at 4. The amended complaint continues to rely on the basic allegation that the officer was an employee of the city's police department. *See id.* As noted above, however, the United States Supreme Court has expressly disallowed claims against municipalities on theories of *respondeat superior*. Moreover, notwithstanding being provided guidance and an opportunity to amend, Plaintiff's amended complaint does not allege a city policy, custom, or practice as to the conduct at issue. *See, e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom"). As the Court has already held, the allegations that an officer violated Plaintiff's constitutional rights are insufficient to state a claim against the city. *See* Docket No. 10 at 2-3.

Accordingly, Plaintiff's amended complaint is deficient in its attempt to state a claim against the City of Reno. Particularly given Plaintiff's previous opportunity to amend, the undersigned also concludes that further amendment as to the City of Reno is not warranted. *See City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

## III.   CONCLUSION

The undersigned therefore **RECOMMENDS** that the City of Reno be dismissed from this case, and that the case proceed only with respect to the claim against Defendant Stewart.

Dated: September 15, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).   A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).